BLD-178                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4355
_____

MISS GLORIA SCARNATI,
                                                 Appellant

v.

BRENTWOOD BOROUGH POLICE DEPARTMENT, ET AL.;
SERGEANT JOHN VOJTAS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-01461)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: March 3, 2014)
_____

OPINION
_____

PER CURIAM

Gloria Scarnati, proceeding pro se and in forma pauperis, appeals from the District

Court's order denying her motion to remand and dismissing her complaint as frivolous.

For the following reasons, we will dismiss the appeal as legally frivolous pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

I.

Scarnati, proceeding in forma pauperis, first filed her complaint in the Court of Common Pleas of Allegheny County. After filing an amended complaint, she raised several claims under state and federal law, including violations of her rights under the First, Fourth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983. The defendants removed the case to the District Court and then filed a motion to dismiss Scarnati's complaint as frivolous or for failure to state a claim. Scarnati opposed the motion to dismiss and also filed a motion to remand her case to the state court.

In an order entered on October 28, 2013, the District Court denied Scarnati's motion to remand and dismissed her complaint with prejudice as frivolous. Specifically, the District Court concluded that Scarnati's complaint was "clearly baseless" and did not allege a plausible cause of action against the defendants. (Dkt. No. 12, p. 6.) She timely appealed. Scarnati also filed a motion asking us to remand the case to state court.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.[1] We have jurisdiction under 28 U.S.C. § 1291, and "[o]ur review of a district court decision dismissing a complaint as frivolous is plenary." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

_____

[1] The denial of Scarnati's motion to remand was, therefore, appropriate.

2

II.

We will dismiss the appeal as frivolous.[2] An appellant may prosecute her case without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the District Court shall dismiss the complaint at any time if the court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Scarnati alleged that Sergeant Vojtas and several other people in the Brentwood Police Department were plotting against her because she reported crimes committed by her neighbor. She claimed that the defendants overlooked her neighbor's behavior because they were all members of the "Polish mafia." She also alleged that she was being stalked by "phony FBI agents" who were also members of the Polish mafia. We agree with the District Court that the factual allegations in Scarnati's complaint are "clearly baseless" and do not satisfy the plausibility test. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense"); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).[3]

---

[2] Scarnati is well-known to this Court, and this will be the third appeal of hers that we dismissed as legally frivolous. (See C.A. Nos. 13-2487 and 13-4154.)

[3] The District Court did not abuse its discretion in dismissing Scarnati's amended complaint with prejudice because amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

3

Because Scarnati's complaint lacks an arguable basis either in law or fact, we will dismiss her appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Her motion to remand is denied.